UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

AVELINA CARRENO, CERILA CEDILLO,
ARACELI HERNANDEZ, CAROLINA
HERNANDEZ, LORENA MENDEZ, MARIA
MENDEZ, LETICIA MENDEZ, ANA MENDEZ,
CLAUDIA MENDOZA, IRMA MENDOZA, ANA
PUGA and IVONE ROMERO,

**ANSWER**

Civil Action No. 07-CV-9400

Plaintiffs,

- against -

ALL CLEAN, INC., SAMUEL RUDICK and
ALLAN RUDICK,

Defendants.

----------------------------------------------------------------

 Defendants ALL CLEAN, INC., (hereinafter referred to as "ALL CLEAN" or the "Company") and SAMUEL RUDICK and ALLAN RUDICK, by their attorneys Alan B. Pearl & Associates, P.C., as and for their Answer to the Plaintiffs' Complaint, set forth as follows:

## **NATURE OF THE ACTION**

1.  Deny each and every allegation contained in paragraph "1" of the Plaintiffs' Complaint.

2.  Deny each and every allegation contained in paragraph "2" of the Plaintiffs' Complaint except admit prior to 2002 Defendant All Clean operated business at 1515 Lexington Avenue.

3.  Deny each and every allegation contained in paragraph "3" of the Plaintiffs' Complaint.

4.  Deny each and every allegation contained in paragraph "4" of the Plaintiffs' Complaint except admit Defendant Samuel Rudick was officer of All Clean, Inc.

5.  Deny each and every allegation contained in paragraph "5" of the Plaintiffs' Complaint except admit Defendant Allan Rudick was officer and owner of All Clean, Inc.

6.  Deny each and every allegation contained in paragraph "6" of the Plaintiffs' Complaint.

7.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of the Plaintiffs' Complaint.

## JURISDICTION AND VENUE

8.    Deny the allegations contained in paragraph "8" of the Complaint.

9.    Admit the allegations contained in paragraph "9" of the Complaint.

## PARTIES

10.    Deny knowledge or information sufficient to form a belief as to Plaintiff Carreno's residence contained in paragraph "10" and deny each and every allegation contained in the balance of paragraph "10" of the Plaintiffs' Complaint.

11.    Deny knowledge or information sufficient to form a belief as to Plaintiff Cedillo's residence contained in paragraph "11" and deny each and every allegation contained in the balance of paragraph "11" of the Plaintiffs' Complaint.

12.    Deny knowledge or information sufficient to form a belief as to Plaintiff Hernandez's residence contained in paragraph "12" and deny each and every allegation contained in the balance of paragraph "12" of the Plaintiffs' Complaint.

13.    Deny knowledge or information sufficient to form a belief as to Plaintiff Carolina's residence contained in paragraph "13" and deny each and every allegation contained in the balance of paragraph "13" of the Plaintiffs' Complaint.

14.    Deny knowledge or information sufficient to form a belief as to Plaintiff Mendez's residence contained in paragraph "14" and deny each and every allegation contained in the balance of paragraph "14" of the Plaintiffs' Complaint.

15.    Deny knowledge or information sufficient to form a belief as to Plaintiff Maria's residence contained in paragraph "15" and deny each and every allegation contained in the balance of paragraph "15" of the Plaintiffs' Complaint.

16.    Deny knowledge or information sufficient to form a belief as to Plaintiff Leticia's residence contained in paragraph "16" and deny each and every allegation contained in the balance of paragraph "16" of the Plaintiffs' Complaint.

17.    Deny knowledge or information sufficient to form a belief as to Plaintiff
       Mendoza's residence contained in paragraph "17" and deny each and
       every allegation contained in the balance of paragraph "17" of the
       Plaintiffs' Complaint.

18.    Deny knowledge or information sufficient to form a belief as to Plaintiff
       Claudia's residence contained in paragraph "18" and deny each and every
       allegation contained in the balance of paragraph "18" of the Plaintiffs'
       Complaint.

19.    Deny knowledge or information sufficient to form a belief as to Plaintiff
       Irma's residence contained in paragraph "19" and deny each and every
       allegation contained in the balance of paragraph "19" of the Plaintiffs'
       Complaint.

20.    Deny knowledge or information sufficient to form a belief as to Plaintiff
       Puga's residence contained in paragraph "20" and deny each and every
       allegation contained in the balance of paragraph"20" of the Plaintiffs'
       Complaint.

21.    Deny knowledge or information sufficient to form a belief as to Plaintiff
       Romero's residence contained in paragraph "21" and deny each and every
       allegation contained in the balance of paragraph "21" of the Plaintiffs'
       Complaint.

22.    Deny each and every allegation contained in paragraph "22" of the
       Plaintiffs' Complaint except admit prior to 2002 Defendant All Clean was
       a New York corporation.

23.    Deny each and every allegation contained in paragraph "23" of the
       Plaintiffs' Complaint except admit prior to 2002 Defendant All Clean
       maintained its business at 1515 Lexington Avenue.

24.    Deny each and every allegation contained in paragraph "24" of the
       Plaintiff's Complaint.

## STATEMENT OF FACTS

25.    Deny each and every allegation contained in paragraph "25" of the
       Plaintiffs' Complaint.

26.    Deny each and every allegation contained in paragraph "26" of the
       Plaintiffs' Complaint.

27.     Deny each and every allegation contained in paragraph "27" of the
        Plaintiffs' Complaint.

28.     Deny each and every allegation contained in paragraph "28" of the
        Plaintiffs' Complaint.

29.     Deny each and every allegation contained in paragraph "29" of the
        Plaintiffs' Complaint.

30.     Deny each and every allegation contained in paragraph "30 of the
        Plaintiffs' Complaint.

31.     Deny each and every allegation contained in paragraph "31" of the
        Plaintiffs' Complaint.

32.     Deny each and every allegation contained in paragraph "32" of the
        Plaintiffs' Complaint.

33.     Deny each and every allegation contained in paragraph "33" of the
        Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

34.     Defendants repeat, reiterate and reallege each and every answer to the
        allegations contained in paragraphs "1" through "33" with the same force
        and effect as if set forth at length herein.

35.     Deny each and every allegation contained in paragraph "35" of the
        Plaintiffs' Complaint.

36.     Deny each and every allegation contained in paragraph "36" of the
        Plaintiffs' Complaint.

37.     Deny each and every allegation contained in paragraph "37" of the
        Plaintiffs' Complaint

38.     Deny each and every allegation contained in paragraph "38" of the
        Plaintiffs' Complaint.

39.     Deny each and every allegation contained in paragraph "39" of the
        Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

40.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "39" with the same force and effect as if set forth at length herein.

41.    Deny each and every allegation contained in paragraph "41" of the Plaintiffs' Complaint.

42.    Deny each and every allegation contained in paragraph "42" of the Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

43.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "42" with the same force and effect as if set forth at length herein.

44.    Deny each and every allegation contained in paragraph "44" of the Plaintiffs' Complaint.

45.    Deny each and every allegation contained in paragraph "45" of the Plaintiffs' Complaint.

46.    Deny each and every allegation contained in paragraph "46" of the Plaintiffs' Complaint.

47.    Deny each and every allegation contained in paragraph "47" of the Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

48.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "48" with the same force and effect as if set forth at length herein.

49.    Deny each and every allegation contained in paragraph "49" of the Plaintiffs' Complaint.

50.    Deny each and every allegation contained in paragraph "50" of the Plaintiffs' Complaint.

51.    Deny each and every allegation contained in paragraph "51" of the
       Plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION

52.    Defendants repeat, reiterate and reallege each and every answer to the
       allegations contained in paragraph "1" through "51" with the same force
       and effect as if set forth at length herein.

53.    Deny each and every allegation contained in paragraph "53" of the
       Plaintiffs' Complaint.

54.    Deny each and every allegation contained in paragraph "54" of the
       Plaintiffs' Complaint.

55.    Deny each and every allegation contained in paragraph "55" of the
       Plaintiffs' Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56.    The Complaint fails to state a valid cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57.    Upon information and belief, Plaintiffs have not attached their written
       consents to the Complaint. The Complaint in this action is, therefore,
       defective and the Court lacks jurisdiction to hear the allegations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58.    The Court lacks jurisdiction as the Defendant in this action is not an
       employer as defined under the FLSA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.    The Court lacks jurisdiction as the individual Defendants in this action are
       not an employers as defined under the FLSA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60.    Plaintiffs' claims are barred in whole or in part by the applicable statutes
       of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.    Plaintiffs' claims are barred in whole or in part because they engaged in culpable conduct and have unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.    Damages alleged to have been sustained by Plaintiffs were caused in whole or in part by Plaintiffs' culpable conduct. Plaintiffs, upon information and belief, were paid in full for their services.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.    Plaintiffs are not entitled to punitive and/or liquidated damages under the Fair Labor Standards Act, as the actions and conduct of answering Defendants were at all times, taken in good faith and for legitimate and lawful business reasons.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65.    Answering Defendants' conduct was at all times in good faith and for legitimate business reasons. Plaintiffs are not entitled to liquidated damages, nor are Plaintiffs permitted to recover penalties/liquidated damages.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

66.    Answering Defendants' pay practices are within the requirements of all applicable statutes and regulations of the New York State Department of Labor and U.S. Department of Labor.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

67.    The Court should not exercise supplemental jurisdiction over plaintiffs who have not opted into the federal FLSA action.

WHEREFORE, Defendants demand judgment dismissing the Plaintiffs' Complaint, together with the costs and disbursements of this action.

Date:    Syosset, New York
         December 5, 2007

                                        ALAN B. PEARL & ASSOCIATES, P.C.

                                        By: _____
                                            John K. Diviney, Esq.
                                            Attorneys for Defendants
                                            6800 Jericho Tpke., Ste. 218E
                                            Syosset, New York 11791
                                            (516) 921-3400

To:    Michael Faillace, Esq.
       Michael Faillace & Associates, P.C.
       Attorneys for Plaintiffs
       110 East 59th Street, 32nd Floor
       New York, NY 10022
       (212) 317-1200

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AVELINA CARRENO, CERILA CEDILLO,
ARACELI HERNANDEZ, CAROLINA
HERNANDEZ, LORENA MENDEZ, MARIA
MENDEZ, LETICIA MENDEZ, ANA MENDEZ,
CLAUDIA MENDOZA, IRMA MENDOZA, ANA
PUGA and IVONE ROMERO,

06-CV-2730
(Stein JG)

**RULE 7.1**
**STATEMENT**

Plaintiffs,

-   against –

ALL CLEAN, INC., SAMUEL RUDICK and
ALLAN RUDICK,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for ALL CLEAN, INC., SAMUEL RUDICK and ALLAN RUDICK (private non-governmental parties) certify that the following are corporate partners, affiliates and/or subsidiaries of said party, which are publicly held.

NONE.

Date: December 5, 2007

_____/s_____
**Signature of Attorney**

**Attorney Bar Code:**
JKD - 6836