Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212)317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

| | |
|---|---|
| AVELINA CARRENO, CERILA CEDILLO, ARACELI HERNANDEZ, CAROLINA HERNANDEZ, LORENA MENDEZ, MARIA MENDEZ, LETICIA MENDEZ, ANA MENDEZ, CLAUDIA MENDOZA, IRMA MENDOZA, ANA PUGA, and IVONE ROMERO, *individually and on behalf of others similarly situated*, | 1:07-cv-09400-PKC <br><br> **AMENDED COMPLAINT** <br><br> **FLSA Collective Action** <br><br> **ECF Case** |
| *Plaintiffs*, | |
| -against- | |
| ALL CLEAN, INC., SAMUEL RUDICK, ALLAN RUDICK, ALL CLEAN, LLC, ELB AND GEN LLC (d/b/a "ALL CLEAN LLC"), MICHAEL EIBOGEN, AND MARTIN EIBOGEN, | |
| *Defendants.* | |

------------------------------------------------------------------X

Plaintiffs Avelina Carreno, Cerilla Cedillo, Araceli Hernandez, Carolina Hernandez, Lorena Mendez, Maria Mendez, Leticia Mendez, Ana Mendez, Claudia Mendoza, Irma Mendoza, Ana Puga, and Ivone Romero, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C, allege upon information and belief, and as against each of the above named Defendants All Clean, Inc., All Clean, LLC, Samuel Rudick, Allan Rudick (the "All Clean Defendants"), ELB AND GEN LLC (d/b/a "ALL CLEAN LLC"), Michael Eibogen, and Martin Eibogen (the "ELB Defendants") (collectively the "Defendants"), as follows:

## **NATURE OF THE ACTION**

1. Plaintiffs are former employees of Defendants.

2. All Clean, Inc. and / or All Clean, LLC (together, "Defendant All Clean"), is or was at all times relevant to this action, owned and operated by individuals Samuel Rudick ("Defendant S. Rudick") and Allan Rudick ("Defendant A. Rudick").

3. Defendant All Clean, by and through its owners, operated a laundromat at 2035 Third Avenue, New York, New York 10029, and 1515 Lexington Avenue, New York, New York 10029 (the "Laundromat"), until, upon information and belief, in or about September of 2006.

4. Upon information and belief, Defendant S. Rudick serves as an owner, principal, or agent of Defendant All Clean.

5. Upon information and belief, Defendant A. Rudick serves as an owner, principal, or agent of Defendant All Clean.

6. ELB and GEN LLC, d/b/a/ ALL CLEAN LLC ("Defendant ELB"), is or was at all times relevant to this action, owned and operated by individuals Michael Elbogen ("Defendant Michael Elbogen") and Martin Elbogen, ("Defendant Martin Elbogen").

7. Upon information and belief, Defendant Michael Elbogen serves as an owner, principal, or agent of Defendant ELB.

8. Upon information and belief, Defendant Martin Elbogen serves as an owner, principal, or agent of Defendant ELB.

9. Upon information and belief, in or about October 2006, Defendant ELB, through its owners, officers, or executives, including Defendant Michael Elbogenand Defendant Martin,

purchased the Laundromat from All Clean, its owners, officers, or executives, including S. Rudick and A. Rudick, and began operating that business in or about September 2006.

10. Upon information and belief, the All Clean Defendants in or about September 2006 ceased to own, operate, or manage the Laundromat, and the ELB Defendants began owning, operating and managing the Laundromat.

11. The allegations herein, pled as against Defendants (meaning all the above captioned Defendants), are to be construed as inclusive as to both the All Clean Defendants and the ELB Defendants, and should it become apparent that one or the other was solely operating as an employer of Plaintiffs during a specific time period, or owner, operator or manager of an employer of Plaintiffs, the allegations herein shall remain in full force as against the Defendants actually owning or operating the Laundromat or acting as an employer of Plaintiffs.

12. Defendants maintained a policy and practice of requiring Plaintiffs and other similarly situated employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13. Plaintiffs now bring this action, on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL") § 650 et seq., and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.)

14. Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

**The Plaintiffs**

17.     Plaintiff Avelina Carreno ("Plaintiff Carreno") is an adult individual residing in New York County, New York. Plaintiff Carreno was employed to wash, fold, and package clothes by Defendants from approximately February 2005 to October 2005. During her employment, Plaintiff Carreno regularly worked 84 hours a week, 6 days a week, from 7 p.m. to 9 a.m. Plaintiff Carreno was paid $5.00 an hour in cash.

18.     Plaintiff Cerila Cedillo ("Plaintiff Cedillo") is an adult individual residing in New York County, New York. Plaintiff Cedillo was employed to fold clothes by Defendants from approximately March 2006 to June 2007. During her employment, Plaintiff Cedillo regularly worked 84 hours, 6 days a week, from 7 p.m. to 9 a.m. Plaintiff Cedillo was paid $5.00 an hour in cash.

19.     Plaintiff Araceli Hernandez ("Plaintiff Hernandez") is an adult individual residing in New York County, New York. Plaintiff Hernandez was employed to wash, fold, and package clothes by Defendants from approximately October 2006 to May 2007. During her employment,

Plaintiff Hernandez regularly worked 84 hours, 6 days a week, from 7 p.m. to 9 a.m. Plaintiff Hernandez was paid $5.00 an hour in cash.

20.     Plaintiff Carolina Hernandez ("Plaintiff Carolina") is an adult individual residing in New York County, New York. Plaintiff Carolina was employed to wash, fold, and package clothes by Defendants from approximately April 2004 to April 2007. During her employment, Plaintiff Carolina regularly worked 84 hours, 6 days a week, from 7 p.m. to 9 a.m. Plaintiff Carolina was paid $5.00 an hour in cash.

21.     Plaintiff Lorena Mendez ("Plaintiff Mendez") is an adult individual residing in New York County, New York. Plaintiff Mendez was employed to wash, fold, and package clothes by Defendants from approximately October 2006 to May 2007. During her employment, Plaintiff Mendez regularly worked 78 hours, 6 days a week, from 5 p.m. to 6 a.m. Plaintiff Mendez was paid $5.00 an hour in cash.

22.     Plaintiff Maria Mendez ("Plaintiff Maria") is an adult individual residing in New York County, New York. Plaintiff Maria was employed to fold clothes by Defendants from approximately September 2004 to March 2005. During her employment, Plaintiff Maria regularly worked 45 hours, 5 days a week, from 6 p.m. to 3 a.m. Plaintiff Maria was paid $5.00 an hour in cash.

23.     Plaintiff Leticia Mendez ("Plaintiff Leticia") is an adult individual residing in New York County, New York. Plaintiff Leticia was employed to wash, fold, and package clothes by Defendants from approximately September 2003 to August 2006. From approximately September 2003 to February 2006, Plaintiff Leticia was paid $5.00 an hour, regularly worked 72 hours, 6 days a week, from 7 p.m. to 7 a.m. From approximately March 2006 to August 2006,

Plaintiff Leticia was paid $5.50 an hour, regularly worked 72 hours, 6 days a week, from 7 p.m. to 7 a.m.

24.    Plaintiff Ana Mendoza ("Plaintiff Mendoza") is an adult individual residing in New York County, New York. Plaintiff Mendoza was employed to wash, fold, and package clothes by Defendants from approximately April 2004 to February 2007.  From approximately April 2004 to December 2005, Plaintiff Mendoza was paid $5.00 an hour, for 84 hours, 6 days a week, from 5 p.m. to 7 a.m.  From approximately January 2006 to May 2006, Plaintiff Mendoza was paid $6.00 an hour, regularly worked 72 hours, 6 days week, from 5 p.m. to 7 a.m. From approximately June 2006 to February 2007, Plaintiff Mendoza was paid $6.00 an hour, regularly worked 42 hours, 6 days a week, from 7 p.m. to 2 a.m.

25.    Plaintiff Claudia Mendoza ("Plaintiff Claudia") is an adult individual residing in New York County, New York. Plaintiff Claudia was employed to wash, fold, and package clothes by Defendants from approximately September 2005 to January 2007. During her employment, Plaintiff Claudia regularly worked 78 hours, 6 days a week, from 8 p.m. to 9 a.m. Plaintiff Claudia was paid $5.00 an hour in cash.

26.    Plaintiff Irma Mendoza ("Plaintiff Irma") is an adult individual residing in New York County, New York. Plaintiff Irma was employed to fold clothes by Defendants from approximately September 2005 to February 2007. During her employment, Plaintiff Irma regularly worked 78 hours, 6 days a week, from 8 p.m. to 9 a.m. Plaintiff Irma was paid $5.00 an hour in cash.

27.    Plaintiff Ana Puga ("Plaintiff Puga") is an adult individual residing in New York County, New York. Plaintiff Puga was employed to wash, fold, and package clothes by Defendants from approximately February 2003 to April 2004. During her employment, Plaintiff

6

Puga regularly worked 54 hours, 6 days a week, from 9 a.m. to 6 p.m. Plaintiff Puga was paid $5.00 an hour in cash.

28.     Plaintiff Ivone Romero ("Plaintiff Romero") is an adult individual residing in New York County, New York. Plaintiff Romero was employed to wash, fold, and package clothes by Defendants from approximately March 2004 to April 2007. During her employment, Plaintiff Romero regularly worked 60 hours, 6 days a week, from 8 a.m. to 6 p.m. Plaintiff Romero was paid $5.00 an hour in cash.

**The Defendants**

29.     Upon information and belief, Defendant All Clean, Inc. is a domestic corporation organized and existing under the laws of New York.

30.     Defendant All Clean, Inc. maintains its corporate headquarters at 1515 Lexington Avenue, New York, NY 10029.

31.     Upon information and belief, Defendant S. Rudick and Defendant A. Rudick are individuals engaged in business in New York City, and are both sued individually and in their capacity as owners, officers and/or agents of the Defendant All Clean, Inc.

32.     Upon information and belief, Defendant All Clean, LLC is an inactive domestic limited liability company organized and existing under the laws of New York

33.     Defendant All Clean LLC is located at, or maintains its principal place of business at 1515 Lexington Avenue, New York, NY 10029.

34.     Defendant S. Rudick and Defendant A. Rudick are both sued individually and in their capacity as owners, officers and/or agents of the Defendant All Clean, LLC.

35.     Upon information and belief, Defendant ELB is a domestic limited liability company organized and existing in New York County.

36. Defendant ELB maintains its corporate headquarters or principal offices at 2035 Third Avenue, New York, NY 10029, the same location as the Laundromat.

37. Upon information and belief, Defendant Michael Elbogen and Defendant Martin Elbogen are individuals engaged in business in New York City, and are both sued individually and in their capacity as owners, officers and/or agents of the Defendant ELB.

## STATEMENT OF FACTS

**Defendants' Employment and Compensation Practices**

38. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

39. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

40. Until approximately June 2007, Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week.

41. On numerous occasions, Plaintiffs received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor an additional 20 minutes between 5 p.m. and 7 p.m. when employed on a shift starting before 11 a.m. and continuing after 7 p.m.

**Defendants' Organizational Structure**

42. The gross annual volume of sales made or business done by Defendant All Clean, Inc. for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43. The gross annual volume of sales made or business done by Defendant All Clean, LLC for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44. The gross annual volume of sales made or business done by Defendant ELB, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

45. At all relevant times, Defendants employed or jointly employed Plaintiffs.

46. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**Collective Action Claims**

47. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

48. The named Plaintiffs are a representative of these other workers and is acting on behalf of their interests as well as their own interest in bringing this action:

    a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

    b. Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which as been unlawfully withheld from them by Defendants.

### FIRST CAUSE OF ACTION
**(Violation of the Minimum Wage Act Under the FLSA)**

49. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

50. At all relevant times, Defendants were Plaintiffs employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

51. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

52. Defendant All Clean, Inc. constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

53. Defendant All Clean, LLC constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

54. Defendant ELB constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

55. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

56. Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Wage Order Under the FLSA)

57. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

58. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(l) and 255(a).

59. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Minimum Wage Act Under the NYLL)

60. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

61. At all relevant times, Defendants were Plaintiffs employers within the meaning of the NYLL §§2 and 651.

62. Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

63. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

64. Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Wage Order Under the NYSLL)

65. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

66. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 et seq. and regulations of the New York State Department of Labor.

67. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

68. Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order)

69. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

71. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess often hours was willful within the meaning of NYLL § 663.

72. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising

them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

C. Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

D. Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

E. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

F. Awarding Plaintiffs and the putative class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

G. Awarding Plaintiffs and the putative class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

H. Awarding Plaintiffs and the putative class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

I. Awarding Plaintiffs and the putative class prejudgment interest;

J. Awarding Plaintiffs and the putative class members the expenses incurred in this action, including costs and attorney's fees; and

    K.    For such other and further relief as the Court deems just and proper.

Dated:    New York, New York
             March 5, 2008

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/_____
Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
(212)317-1200
*Attorneys for Plaintiffs*