UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

AVELINA CARRENO, CERILA CEDILLO,
ARACELI HERNANDEZ, CAROLINA
HERNANDEZ, LORENA MENDEZ, MARIA
MENDEZ, LETICIA MENDEZ, ANA MENDEZ,
CLAUDIA MENDOZA, IRMA MENDOZA, ANA
PUGA and IVONE ROMERO, *individually and on
behalf of others similarly situated,*

**ANSWER TO THE PLAINTIFFS'
AMENDED COMPLAINT**

Case No. 07-CV-9400 (PKC)

                              Plaintiffs,

- against -

ALL CLEAN, INC., SAMUEL RUDICK and ALLAN
RUDICK, ALL CLEAN, LLC, ELB AND GEN LLC
(d/b/a "ALL CLEAN LLC"), MICHAEL EIBOGEN,
AND MARTIN EIBOGEN,

                              Defendants.
------------------------------------------------------------

Defendants, ALL CLEAN, INC., ALL CLEAN, LLC (collectively referred to herein as "All

Clean"), SAMUEL RUDICK and ALLAN RUDICK, by their attorneys, Alan B. Pearl & Associates,

P.C., as and for their Answer to the Plaintiffs' Amended Complaint, state as follows:

## NATURE OF THE ACTION

1.     Deny each and every allegation contained in paragraph "1" of the Plaintiffs' Amended

Complaint.

2.     Deny each and every allegation contained in paragraph "2" of the Plaintiffs' Amended

Complaint except admit prior to 2002 Defendant All Clean operated business at 1515 Lexington

Avenue.

3.     Admit the allegations contained in paragraph "3" of the Plaintiffs' Amended Complaint,

except deny that Defendant All Clean, Inc. operated the Laundromat.

4.     Deny each and every allegation contained in paragraph "4" of the Plaintiffs' Amended

Complaint, except admit that Defendant Samuel Rudick was officer of All Clean, Inc.

5.    Admit the allegations contained in paragraph "5" of the Plaintiffs' Amended Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Plaintiffs' Amended Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Plaintiffs' Amended Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Plaintiffs' Amended Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Plaintiffs' Amended Complaint, except admit that on or about September 21, 2006, the All Clean Defendants ceased operating the Laundromat.

10.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Plaintiffs' Amended Complaint, except admit that on or about September 21, 2006, the All Clean Defendants ceased operating the Laundromat.

11.    Deny each and every allegation contained in paragraph "11" of the Plaintiffs' Amended Complaint.

12.    Deny each and every allegation contained in paragraph "12" of the Plaintiffs' Amended Complaint.

13.    Deny each and every allegation contained in paragraph "13" of the Plaintiffs' Amended Complaint.

14.    Deny each and every allegation contained in paragraph "14" of the Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

15.    Admit the allegations contained in paragraph "15" of the Plaintiffs' Amended Complaint.

16.    Admit the allegations contained in paragraph "16" of the Plaintiffs' Amended Complaint.

## THE PARTIES

17.    Deny each and every allegation contained in paragraph "17" of the Plaintiffs' Amended Complaint.

18.    Deny each and every allegation contained in paragraph "18" of the Plaintiffs' Amended Complaint.

19.    Deny each and every allegation contained in paragraph "19" of the Plaintiffs' Amended Complaint.

20.    Deny each and every allegation contained in paragraph "20" of the Plaintiffs' Amended Complaint.

21.    Deny the allegations contained in paragraph "21" of the Plaintiffs' Amended Complaint.

22.    Deny each and every allegation contained in paragraph "22" of the Plaintiffs' Amended Complaint.

23.    Deny each and every allegation contained in paragraph "23" of the Plaintiffs' Amended Complaint.

24.    Deny each and every allegation contained in paragraph "24" of the Plaintiffs' Amended Complaint.

25.    Deny each and every allegation contained in paragraph "25" of the Plaintiffs' Amended Complaint.

26.    Deny each and every allegation contained in paragraph "26" of the Plaintiffs' Amended Complaint.

27.    Deny each and every allegation contained in paragraph "27" of the Plaintiffs' Amended Complaint.

28.    Deny each and every allegation contained in paragraph "28" of the Plaintiffs' Amended Complaint.

**The Defendants**

29.    Admit the allegations contained in paragraph "29" of the Plaintiffs' Amended Complaint, except deny that All Clean, Inc. is a proper party to this action.

30.    Admit the allegations contained in paragraph "30" of the Plaintiffs' Amended Complaint.

31.    Admit the allegations contained in paragraph "31" of the Plaintiffs' Amended Complaint.

32.    Admit the allegations contained in paragraph "32" of the Plaintiffs' Amended Complaint.

33.    Admit that, prior to September 21, 2006, Defendant All Clean, LLC maintained its principal place of business at 1515 Lexington Avenue, New York, New York 10029.

34.    Deny each and every allegation contained in paragraph "34" of Plaintiffs' Amended Complaint.

35.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of the Plaintiffs' Amended Complaint.

36.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "36" of the Plaintiffs' Amended Complaint.

37.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "37" of the Plaintiffs' Amended Complaint.

## STATEMENT OF FACTS

38.    Deny each and every allegation contained in paragraph "38" of the Plaintiffs' Amended Complaint.

39.    Deny each and every allegation contained in paragraph "39" of the Plaintiffs' Amended Complaint.

40.    Deny each and every allegation contained in paragraph "40" of the Plaintiffs' Amended Complaint.

41.    Deny each and every allegation contained in paragraph "41" of the Plaintiffs' Amended Complaint.

### Defendants' Organizational Structure

42.    Deny each and every allegation contained in paragraph "42" of the Plaintiffs' Amended Complaint.

43.    Admit the allegations contained in paragraph "43" of the Plaintiffs' Amended Complaint.

44.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "44" of the Plaintiffs' Amended Complaint.

45.    Deny each and every allegation contained in paragraph "45" of the Plaintiffs' Amended Complaint.

5

46.    Deny each and every allegation contained in paragraph "46" of the Plaintiffs' Amended Complaint.

**Collective Action Claims**

47.    Deny each and every allegation contained in paragraph "47" of the Plaintiffs' Amended Complaint.

48.    Deny each and every allegation contained in paragraph "48" of the Plaintiffs' Amended Complaint.

      a.  Deny each and every allegation contained in paragraph "48a" of the Plaintiffs' Amended Complaint.

      b.  Deny each and every allegation contained in paragraph "48b" of the Plaintiffs' Amended Complaint.

## FIRST CAUSE OF ACTION

49.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "49" with the same force and effect as if set forth at length herein.

50.     Deny each and every allegation contained in paragraph "50" of the Plaintiffs' Amended Complaint.

51.     Deny each and every allegation contained in paragraph "51" of the Plaintiffs' Amended Complaint.

52.     Deny each and every allegation contained in paragraph "52" of the Plaintiffs' Amended Complaint.

53.     Deny each and every allegation contained in paragraph "53" of the Plaintiffs' Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "54" of the Plaintiffs' Amended Complaint.

55.     Deny each and every allegation contained in paragraph "55" of the Plaintiffs' Amended Complaint.

56.     Deny each and every allegation contained in paragraph "56" of the Plaintiffs' Amended Complaint.

## SECOND CAUSE OF ACTION

57.     Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "57" with the same force and effect as if set forth at length herein.

58.     Deny each and every allegation contained in paragraph "58" of the Plaintiffs' Amended Complaint.

59.     Deny each and every allegation contained in paragraph "59" of the Plaintiffs' Amended Complaint.

## THIRD CAUSE OF ACTION

60.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "60" with the same force and effect as if set forth at length herein.

61.    Deny each and every allegation contained in paragraph "61" of the Plaintiffs' Amended Complaint.

62.    Deny each and every allegation contained in paragraph "62" of the Plaintiffs' Amended Complaint.

63.    Deny each and every allegation contained in paragraph "63" of the Plaintiffs' Amended Complaint.

64.    Deny each and every allegation contained in paragraph "64" of the Plaintiffs' Amended Complaint.

## FOURTH CAUSE OF ACTION

65.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "64" with the same force and effect as if set forth at length herein.

66.    Deny each and every allegation contained in paragraph "66" of the Plaintiffs' Amended Complaint.

67.    Deny each and every allegation contained in paragraph "67" of the Plaintiffs' Amended Complaint.

68.    Deny each and every allegation contained in paragraph "68" of the Plaintiffs' Amended Complaint.

## FIFTH CAUSE OF ACTION

69.    Defendants repeat, reiterate and reallege each and every answer to the allegations contained in paragraph "1" through "68" with the same force and effect as if set forth at length herein.

70.    Deny each and every allegation contained in paragraph "70" of the Plaintiffs' Amended Complaint.

71.    Deny each and every allegation contained in paragraph "71" of the Plaintiffs' Amended Complaint.

72.    Deny each and every allegation contained in paragraph "72" of the Plaintiffs' Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73.    The Complaint fails to state a valid cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74.    Upon information and belief, Plaintiffs have not attached their written consents to the Complaint. The Complaint in this action is, therefore, defective and the Court lacks jurisdiction to hear the allegations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75.    The Court lacks jurisdiction as the Defendant in this action is not an employer as defined under the FLSA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76.    The Court lacks jurisdiction as the individual Defendants in this action are not an employers as defined under the FLSA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches and/or collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79.    Plaintiffs' claims are barred in whole or in part because they engaged in culpable conduct and have unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80.    Damages alleged to have been sustained by Plaintiffs were caused in whole or in part by Plaintiffs' culpable conduct.    Plaintiffs, upon information and belief, were paid in full for their services.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81.    Plaintiffs are not entitled to punitive and/or liquidated damages under the Fair Labor Standards Act, as the actions and conduct of answering Defendants were at all times, taken in good faith and for legitimate and lawful business reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82.    Answering Defendants' conduct was at all times in good faith and for legitimate business reasons.    Plaintiffs are not entitled to liquidated damages, nor are Plaintiffs permitted to recover penalties/liquidated damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

83.    Answering Defendants' pay practices are within the requirements of all applicable statutes and regulations of the New York State Department of Labor and U.S. Department of Labor.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

84.    The Court should not exercise supplemental jurisdiction over plaintiffs who have not opted into the federal FLSA action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

85.     Plaintiff Romero is exempt from the overtime requirements of the FLSA and State law, under the executive and supervisor exemptions.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

86.     Answering Defendants' conduct was at all times in good faith and for legitimate business reasons. Plaintiffs are not entitled to liquidated damages, nor are Plaintiffs permitted to recover penalties/liquidated damages under C.P.L.R., Article 9, to the extent that certification of the New York State Minimum Wage claim is sought.

## AS AND FOR A FIFTEENTH  AFFIRMATIVE DEFENSE

87.     This action should not be certified as a class action pursuant to Art. 9 of the C.P.L.R. or as a representative or collective action pursuant to the FLSA since Plaintiffs will be unable to meet the criteria for numerosity, commonality, typicality, adequacy of representation and/or any other criteria sufficient to form a class or sub-class entitled to relief under state or federal law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88.     Upon information and belief, Plaintiffs should be barred from pursuing this action as they have committed fraud.

**WHEREFORE**, Defendants demand judgment dismissing the Plaintiffs' Amended Complaint, together with the costs and disbursements of this action.

Date:    Syosset, New York
         March 19, 2008

ALAN B. PEARL & ASSOCIATES, P.C.

By:    _____
       John K. Diviney, Esq. (JKD-6836)
       Alan Pearl & Associates, P.C.
       *Attorneys for Defendants*
       6800 Jericho Tpke., Ste. 218E
       Syosset, New York 11791
       (516) 921-6645

To:    Michael Faillace, Esq.
       Michael Faillace & Associates, P.C.
       *Attorneys for Plaintiffs*
       110 East 59th Street, 32nd Floor
       New York, NY 10022
       (212) 317-1200

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                   ) ss.:
COUNTY OF NASSAU          )

I, ROSE M. MURPY, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside at Hicksville, New York.

On March 19, 2008, I served the within ANSWER TO THE PLAINTIFFS' AMENDED COMPLAINT by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
110 East 59th Street, 32nd Floor
New York, NY 10022

ROSE M. MURPHY

Sworn to before me this
19th day of March 2008

Notary Public

Gloria Greifenberger
Notary Public, State of NY
No. 4842200 – Nassau County
Comm. Expires Apr. 28, 2010